1  | LERACH COUGHLIN STOIA GELLER
   | RUDMAN & ROBBINS LLP
2  | PATRICK J. COUGHLIN (111070)
   | AZRA Z. MEHDI (220406)
3  | D. CAMERON BAKER (154432)
   | MONIQUE C. WINKLER (213031)
4  | LUKE O. BROOKS (212802)
   | 100 Pine Street, Suite 2600
5  | San Francisco, CA 94111
   | Telephone: 415/288-4545
6  | 415/288-4534 (fax)
   | pcoughlin@lerachlaw.com
7  | amehdi@lerachlaw.com
   | cbaker@lerachlaw.com
8  | mwinkler@lerachaw.com
   | lbrooks@lerachlaw.com
9  |
   | Lead Counsel for Plaintiffs
10 |

*Filed* FEB 8 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

11 | WELLS FARGO BANK, N.A.,
   |   LAW DEPT.                              LORD, BISSELL & BROOK LLP
   | JOANNE ARAKAKI (117073)                  JOHN F. KLOECKER (*pro hac vice*)
12 | 633 Folsom Street, 7th Floor             111 South Wacker Drive
   | San Francisco, CA 94107                  Chicago, IL 60606
13 | Telephone: 415/396-4316                  Telephone: 312/443-0235
   | 415/546-0829 (fax)                       312/896-6235 (fax)
14 | joanne.arakaki@wellsfargo.com            jkloecker@lordbissell.com

15 | Counsel for Respondent Wells Fargo & Company

16 | UNITED STATES DISTRICT COURT

17 | NORTHERN DISTRICT OF CALIFORNIA

18 | LAWRENCE E. JAFFE PENSION PLAN, On )     No. C 07 80028 MISC-CRB
   | Behalf of Itself and All Others Similarly )
19 | Situated,                              )  (N.D. Ill. Lead Case No. 02-C-5893
   |                                        )  (Consolidated))
20 |                          Plaintiff,    )
   |                                        )  STIPULATED PROTECTIVE ORDER
21 |          vs.                           )
   |                                        )
22 | HOUSEHOLD INTERNATIONAL, INC., et      )
   | al.,                                   )
23 |                                        )
   |                          Defendants.   )
24 |                                        )

25 |

26 |

27 |

28 |

1  **I.    PURPOSES AND LIMITATIONS**

2        Disclosure and discovery activity in this action are likely to involve production of
3  confidential, proprietary, or private information for which special protection from public disclosure
4  and from use for any purpose other than prosecuting this litigation would be warranted.
5  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated
6  Protective Order. The parties acknowledge that this Order does not confer blanket protections on all
7  disclosures or responses to discovery and that the protection it affords extends only to the limited
8  information or items that are entitled under the applicable legal principles to treatment as
9  confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated
10 Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule
11 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied
12 when a party seeks permission from the court to file material under seal.

13 **II.   DEFINITIONS**

14       1.    <u>Party</u>: any party to this action, including all of its officers, directors, employees,
15 consultants, retained experts, and outside counsel (and their support staff).

16       2.    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium
17 or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or
18 tangible things) that are produced or generated in disclosures or responses to discovery in this
19 matter.

20       3.    <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored
21 or maintained) or tangible things that qualify for protection under standards developed under Fed. R.
22 Civ. P. 26(c).

23       4.    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely
24 sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would
25 create a substantial risk of serious injury that could not be avoided by less restrictive means.

26       5.    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a
27 Producing Party.

28

1   6.   Producing Party: a Party or non-party that produces Disclosure or Discovery Material
2   in this action.

3   7.   Designating Party: a Party or non-party that designates information or items that it
4   produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential –
5   Attorneys' Eyes Only."

6   8.   Protected Material: any Disclosure or Discovery Material that is designated as
7   "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

8   9.   Outside Counsel: attorneys who are not employees of a Party but who are retained to
9   represent or advise a Party in this action.

10   10.   House Counsel: attorneys who are employees of a Party.

11   11.   Counsel (without qualifier): Outside Counsel and House Counsel (as well as their
12   support staffs).

13   12.   Expert: a person with specialized knowledge or experience in a matter pertinent to the
14   litigation who has been retained by a Party or its counsel to serve as an expert witness or as a
15   consultant in this action and who is not a past or a current employee of a Party or of a competitor of
16   a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a
17   competitor of a Party's.  This definition includes a professional jury or trial consultant retained in
18   connection with this litigation.

19   13.   Professional Vendors: persons or entities that provide litigation support services (*e.g.*,
20   photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing,
21   retrieving data in any form or medium; etc.) and their employees and subcontractors.

22   14.   Jaffe Action in Illinois: refers to the *Jaffe v. Household Int'l, Inc.* action 02C5893
23   pending in the Northern District of Illinois before the Honorable Ronald A. Guzman.

24   **III.   SCOPE**

25   The protections conferred by this Stipulation and Order cover not only Protected Material (as
26   defined above), but also any information copied or extracted therefrom, as well as all copies,
27   excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by
28   parties or counsel to or in court or in other settings that might reveal Protected Material.

1   **IV.    DURATION**

2        Even after the termination of this litigation, the confidentiality obligations imposed by this

3   Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

4   otherwise directs.

5   **V.    DESIGNATING PROTECTED MATERIAL**

6        1.      Exercise of Restraint and Care in Designating Material for Protection. Each Party or

7   non-party that designates information or items for protection under this Order must take care to limit

8   any such designation to specific material that qualifies under the appropriate standards.   A

9   Designating Party must take care to designate for protection only those parts of material, documents,

10  items, or oral or written communications that qualify – so that other portions of the material,

11  documents, items, or communications for which protection is not warranted are not swept

12  unjustifiably within the ambit of this Order.

13       Mass, indiscriminate, or routinized designations are prohibited. Designations that are

14  shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to

15  unnecessarily encumber or retard the case development process, or to impose unnecessary expenses

16  and burdens on other parties), expose the Designating Party to sanctions.

17       If it comes to a Party's or a non-party's attention that information or items that it

18  designated for protection do not qualify for protection at all, or do not qualify for the level of

19  protection initially asserted, that Party or non-party must promptly notify all other parties that it is

20  withdrawing the mistaken designation.

21       2.      Manner and Timing of Designations. Except as otherwise provided in this Order (*see*,

22  *e.g.*, second paragraph of §5.2(a), below), or as otherwise stipulated or ordered, material that

23  qualifies for protection under this Order must be clearly so designated before the material is

24  disclosed or produced.

25       Designation in conformity with this Order requires:

26       (a)     for information in documentary form (apart from transcripts of depositions or

27  other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

28  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that contains

1  protected material. If only a portion or portions of the material on a page qualifies for protection, the
2  Producing Party must also clearly identify the protected portion(s) (*e.g.*, by making appropriate
3  markings in the margins) and must specify, for each portion, the level of protection being asserted
4  (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

5           A Party or non-party that makes original documents or materials available for
6  inspection need not designate them for protection until after the inspecting Party has indicated which
7  material it would like copied and produced. During the inspection and before the designation, all of
8  the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –
9  ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants
10 copied and produced, the Producing Party must determine which documents, or portions thereof,
11 qualify for protection under this Order, then, before producing the specified documents, the
12 Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY
13 CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected
14 Material. If only a portion of portions of the material on a page qualifies for protection, the
15 Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate
16 markings in the margins) and must specify, for each portion, the level of protection being asserted
17 (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

18      (b)    for testimony given in deposition or in other pretrial or trial proceedings, that
19 the Party or non-party offering or sponsoring the testimony identify on the record, before the close of
20 the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions
21 of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."
22 When it is impractical to identify separately each portion of testimony that is entitled to protection,
23 and when it appears that substantial portions of the testimony may qualify for protection, the Party or
24 non-party that sponsors, offers, or gives the testimony may invoke on the record (before the
25 deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions
26 of the testimony as to which protection is sought and to specify the level of protection being asserted
27 ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only
28

1   those portions of the testimony that are appropriately designated for protection within the 20 days
2   shall be covered by the provisions of this Stipulated Protective Order.

3                  Transcript pages containing Protected Material must be separately bound by
4   the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or
5   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-
6   party offering or sponsoring the witness or presenting the testimony.

7                  (c)     for information produced in some form other than documentary, and for any
8   other tangible items, that the Producing Party affix in a prominent place on the exterior of the
9   container or containers in which the information or item is stored the legend "CONFIDENTIAL" or
10   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information
11   or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected
12   portions, specifying whether they qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
13   ATTORNEYS' EYES ONLY."

14       3.      Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to
15   designated qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
16   ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to
17   secure protection under this Order for such material. If material is appropriately designated as
18   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the
19   material was initially produced, the Receiving Party, on timely notification of the designation, must
20   make reasonable efforts to assure that the material is treated in accordance with the provisions of this
21   Order.

22   **VI.**      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

23       1.      Timing of Challenges. Unless a prompt challenge to a Designating Party's
24   confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary
25   economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive
26   its right to challenge a confidentiality designation by electing not to mount a challenge promptly
27   after the original designation is disclosed.

28

1    2.    Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's
2  confidentiality designation must do so in good faith and must begin the process by conferring
3  directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with counsel
4  for the Designating Party. In conferring, the challenging Party must explain the basis for its belief
5  that the confidentiality designation was not proper and must give the Designating Party an
6  opportunity to review the designated material, to reconsider the circumstances and, if no change in
7  designation is offered, to explain the basis for the chosen designation. A challenging Party may
8  proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer
9  process first.

10    3.    Judicial Intervention. A Party that elects to press a challenge to a confidentiality
11  designation after considering the justification offered by the Designating Party may file and serve a
12  motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that
13  identifies the challenged material and sets forth in detail the basis for the challenge. Each such
14  motion must be accompanied by a competent declaration that affirms that the movant has complied
15  with the meet-and-confer requirements imposed in the preceding paragraph and that sets forth with
16  specificity the justification for the confidentiality designation that was given by the Designating
17  Party in the meet-and-confer dialogue.

18    The burden of persuasion in any such challenge proceeding shall be on the
19  Designating Party. Until the court rules on the challenge, all parties shall continue to afford the
20  material in question the level of protection to which it is entitled under the Producing Party's
21  designation.

22  **VII.    ACCESS TO AND USE OF PROTECTED MATERIAL**

23    1.    Basic Principles. A Receiving Party may use Protected Material that is disclosed or
24  produced by another Party or by a non-party in connection with this case only for prosecuting,
25  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to
26  the categories of persons and under the conditions described in this Order. When the litigation has
27  been terminated, a Receiving Party must comply with the provisions of §11, below (FINAL
28  DISPOSITION).

1    Protected Material must be stored and maintained by a Receiving Party at a location

2  and in a secure manner that ensures that access is limited to the persons authorized under this Order.

3    2.    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

4  by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

5  information or item designated "CONFIDENTIAL" only to:

6    (a)    the Receiving Party's Outside Counsel of record in this action, as well as

7  employees of said Counsel to whom it is reasonably necessary to disclose the information for this

8  litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

9  hereto as Exhibit A;

10    (b)    the officers, directors, and employees (including House Counsel) of the

11  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed

12  the "Agreement to Be Bound by Protective Order" (Exhibit A);

13    (c)    experts (as defined in this Order) of the Receiving Party to whom disclosure is

14  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

15  Protective Order" (Exhibit A);

16    (d)    the Court and its personnel;

17    (e)    court reporters, their staffs, and professional vendors to whom disclosure is

18  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

19  Protective Order" (Exhibit A);

20    (f)    during their depositions, witnesses in the action to whom disclosure is

21  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

22  (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

23  Protected Materials must be separately bound by the court reporter and may not disclosed to anyone

24  except as permitted under this Stipulated Protective Order.

25    (g)    the author of the document or the original source of the information.

26    3.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

27  Information or Items. Unless otherwise ordered by the court or permitted in writing by the

28

STIPULATED PROTECTIVE ORDER - (N.D. Ill. Lead Case No. 02-C-5893 (Consolidated))        - 7 -

1  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY
2  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

3          (a)     the Receiving Party's Outside Counsel of record in this action, as well as
4  employees of said Counsel to whom it is reasonably necessary to disclose the information for this
5  litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached
6  hereto as Exhibit A;

7          (b)     Experts (as defined in this Order) (1) to whom disclosure is reasonably
8  necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order"
9  (Exhibit A), [*Optional*; and (3) as to whom the procedures set forth in paragraph 7.4, below, have
10 been followed];

11         (c)     the Court and its personnel;

12         (d)     court reporters, theirs staffs, and professional vendors to whom disclosure is
13 reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by
14 Protective Order" (Exhibit A);

15         (e)     the author of the document or the original source of the information; and

16         (f)     counsel for all Household Defendants in the Jaffe Action in Illinois.

17    4.    [*Optional*:] Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –
18 FOR ATTORNEYS' EYES ONLY" Information or Items to "Experts," or Persons other than the
19 Author of Documents or Original Source of Information ("Other Persons").

20         (a)     Unless otherwise ordered by the court or agreed in writing by the Designating
21 Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) or "Other Persons" any
22 information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
23 ONLY" first must make a written request to the Designating Party that (1) identifies the specific
24 HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to the
25 Expert or Other Persons, (2) sets forth the full name of the Expert or Other Persons and the city and
26 state of his or her primary residence, (3) attaches a copy of the Expert's current resume (N/A to
27 Other Persons), (4) identifies the Expert's or Other Persons' current employer(s), (5) identifies each
28 person or entity from whom the Expert has received compensation for work in his or her areas of

1  expertise or to whom the expert has provided professional services at any time during the preceding
2  five years (N/A to Other Persons), and (6) identifies (by name and number of the case, filing date,
3  and location of court) any litigation in connection with which the Expert has provided any
4  professional services during the preceding five years (N/A to Other Persons).

5         (b)    A Party that makes a request and provides the information specified in the
6  preceding paragraph may disclose the subject Protected Material to the identified Expert or Other
7  Persons unless, within seven court days of delivering the request, or in the case of a deposition, as
8  soon as the party intending to use such a document has given Notice to the Producing Party of such
9  use (and no less than 24 hours notice), the Party receives a written objection from the Designating
10  Party. Any such objection must set forth in detail the grounds on which it is based. A copy of this
11  Protective Order as well as Exhibit A of the Protective Order will be provided to and signed by the
12  Expert or Other Persons prior to the use of a document designated as "HIGHLY CONFIDENTIAL –
13  ATTORNEYS' EYES ONLY" in any deposition that is taken in the *Jaffe v. Household International*
14  *Inc.*, securities litigation Case No. 02C5893 currently pending before the Honorable Ronald A.
15  Guzman in the Northern District of Illinois.

16         (c)    A Party that received a timely written objection must meet and confer with the
17  Designating party (through direct voice to voice dialogue) to try to resolve the matter by agreement.
18  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion
19  as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)
20  seeking permission from the court to do so. Any such motion must describe the circumstances with
21  specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably
22  necessary, assess the risk of harm that the disclosure would entail and suggest any additional means
23  that might be used to reduce that risk. In addition, any such motion must be accompanied by a
24  competent declaration in which the movant describes the parties' efforts to resolve the matter by
25  agreement (*i.e.*, the extent and content of the meet and confer discussions) and sets forth the reasons
26  advanced by the Designating Party for its refusal to approve the disclosure.

27

28

1      In any such proceeding the Party opposing disclosure to the Expert shall bear the

2   burden of providing that the risk of harm that the disclosure would entail (under the safeguards

3   proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

4   **VIII.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
        IN OTHER LITIGATION.**

5

6      If a Receiving Party is served with a subpoena or any order issued in other litigation that

7   would compel disclosure of any information or items designated in this action as

8   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

9   Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

10   and in no event more than three court days after receiving the subpoena or order. Such notification

11   must include a copy of the subpoena or court order.

12      The Receiving Party also must immediately inform in writing the Party who caused the

13   subpoena or order to issue in the other litigation that some or all the material covered by the

        subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a

14   copy of this Stipulated Protective Order promptly to the Party in the other action that caused the

15   subpoena or order to issue.

16      The purpose of imposing these duties is to alert the interested parties to the existence of this

17   Protective Order and to afford the Designating Party in this case an opportunity to try to protect its

18   confidentiality interests in the court from which the subpoena or order issued. The Designated Party

19   shall bear the burdens and the expenses of seeking protection in that court of its confidential material

20   – and nothing in these provisions should be construed as authorizing or encouraging a Receiving

21   Party in this action to disobey a lawful directive from another court.

22

23   **IX.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

24      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed the Protected

25   Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

26   the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

27   disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the

28   person or persons to whom unauthorized disclosures were made of all the terms of this Order, and

STIPULATED PROTECTIVE ORDER - (N.D. Ill. Lead Case No. 02-C-5893 (Consolidated))      - 10 -

1  (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound"
2  that is attached hereto as Exhibit A.

3  **X.    FILING PROTECTED MATERIAL.**

4      Without written permission from the Designating Party or a court order secured after
5  appropriate notice to all interested persons, a Party may not file in the public record in this action any
6  Protected Material.  A Party that seeks to file under seal any Protected Material must comply with
7  Civil Local Rule 79-5.

8  **XI.    FINAL DISPOSITION.**

9      Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after
10  the final termination of this action, each Receiving Party must return all Protected Material to the
11  Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts,
12  compilations, summaries or any other form of reproducing or capturing any of the Protected
13  Material.  With permission in writing from the Designating Party, the Receiving Party may destroy
14  some or all of the Protected Material instead of returning it.  Whether the Protected Material is
15  returned or destroyed, the Receiving Party must submit a written certification to the Producing Party
16  (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that
17  identifies (by category, where appropriate) all the Protected Material that was returned or destroyed
18  and that affirms that the Receiving Party has not retained any copies, abstracts, compilations,
19  summaries or other forms of reproducing or capturing any of the Protected Material.
20  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings,
21  motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such
22  materials contain Protected Material.  Any such archival copies that contain or constitute Protected
23  Material remain subject to this Protective Order as set for in Section 4 (DURATION), above.

24  **XII.    MISCELLANEOUS**

25      1.    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek
26  its modification by the Court in the future.

27      2.    Right to Assert other Objections.  By stipulating to the entry of this Protective Order
28  no Party waives any right it otherwise would have to object to disclosing or producing any

1 information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

2 Party waives any right to object on any ground to use in evidence of any of the material covered by

3 this Protective Order.

4        3.     <u>Request for "Highly Confidential – Attorneys' Eyes Only" Documents by Lead</u>

5 <u>Plaintiffs or any Unnamed Class members:</u> Should Lead Counsel in the *Jaffe* litigation pending in

                                   CASE NO. 02 C 5893

6 the Northern District of Illinois receive such a request, they will notify counsel for Wells Fargo in

7 writing within 48 hours of receipt of such request. If there is a dispute regarding such request, Lead

8 Counsel and/or Wells Fargo reserves the right to bring this matter to the Court for resolution.

9 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

10 DATED:  February 7, 2007

                                          Attorneys for Lead Plaintiffs

11

12 DATED:  February 7, 2007

                                          Attorneys for Subpoena Respondent
                                          Wells Fargo & Co.

13

PURSUANT TO STIPULATION, IT IS SO ORDERED.

14 DATED:  8 Feb 07

15                                       HONORABLE BERNARD ZIMMERMAN
                                        UNITED STATES MAGISTRATE JUDGE

16

17 T:\CasesSF\Household Int'l\STP00039002_Calif.doc

18

19

20

21

22

23

24

25

26

27

28

1

2

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3        I, _____ [print or type full name],

4   of _____ [print or type full address], declare under penalty of perjury that I have read

5   in its entirety and understand the Stipulated Protective Order that was issued by the United States

6   District Court for the Northern District of California on [date] in the case of _____

7   **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree

8   to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand

9   and acknowledge that failure to so comply could expose me to sanctions and punishment in the

10   nature of contempt. I solemnly promise that I will not disclose in any manner any information or

11   item that is subject to this Stipulated Protective Order to any person or entity except in strict

12   compliance with the provisions of this Order.

13        I further agree to submit to the jurisdiction of the United States District Court for the

14   Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

15   Order, even if such enforcement proceedings occur after termination of this action.

16        I hereby appoint _____ [print or type full name]

17   of _____ [print or type full address and telephone number]

18   as my California agent for service of process in connection with this action or any proceedings

19   related to enforcement of this Stipulated Protective Order.

20

21   Date:_____

22   City and State where sworn and signed:_____ _____

23   Printed name:_____
                              [printed name]

24

25   Signature:_____
                            [signature]

26   T:\CasesSF\Household Intl\STP00039002_Calif.doc

27

28

STIPULATED PROTECTIVE ORDER - (N.D. Ill. Lead Case No. 02-C-5893 (Consolidated))     - 13 -

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LAWRENCE E. JAFFE,

Plaintiff,

v.

HOUSEHOLD INTERNATIONAL et al,

Defendant.
_____/

Case Number: CV07-80028 CRB
(MISC)(BZ)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
Court, Northern District of California.

That on February 8, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said
copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery
receptacle located in the Clerk's office.

Azra Z. Mehdi
D. Cameron Baker
Jason C. Davis
Luke O Brooks
Monique Winkler
Patrick J. Coughlin
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street
Suite 2600
San Francisco, CA 94111

William S. Lerach
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Joanne Yoshiko Arakaki
N.A. Law Department
Wells Fargo Bank
633 Folsom Street
7th Floor
San Francisco, CA 94107

John F. Kloecker
111 South Wacker Drive
Chicago, IL 60603

Dated: February 8, 2007

Richard W. Wieking, Clerk
By: Lashanda Scott, Deputy Clerk